| | |
|---|---|
| JACOB HALTERMAN, on behalf of himself and all others similarly situated,<br><br>　　　　Plaintiff,<br>v.<br><br>THE RENFROW GROUP, LLC,<br><br>　　　　Defendant. | **ANSWER TO COMPLAINT** |

COMES NOW Defendant The Renfrow Group, LLC ("Renfrow"), by counsel, to Answer the Complaint (ECF No. 1) ("Complaint") served upon it in this action by Jacob Halterman ("Plaintiff" or "Mr. Halterman").

## I.　　INTRODUCTION AND NATURE OF ACTION[1]

1. In response to the allegations in paragraph 1 of the Complaint, Renfrow admits that Plaintiff purports to bring an action under the federal Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, et seq. ("FLSA") and the North Carolina Wage and Hour Act ("NCWHA") N.C. Gen. Stat. §§ 92-25.1 et seq. but denies Plaintiff is entitled to any relief requested or any other relief whatsoever under these statutes.

2. In response to the allegations in paragraph 2 of the Complaint, Renfrow admits that, among other things, it provides security and facilities management company that provides uniformed security and mobile patrol services, asset protection management, event security, and electronic surveillance.

---

[1] The headings used herein are for the convenience of the parties and to match the headings of the Complaint. The use of these headings by Renfrow shall not be deemed an admission as to any fact or legal conclusion. Indeed, any allegations contained within headings are specifically denied.

3. In response to the allegations in paragraph 3 of the Complaint, Renfrow admits that Plaintiff was an hourly-paid, non-exempt security guard employed by Renfrow providing security services including patrolling, monitoring, and reporting suspicious activity. Renfrow denies the remaining allegations in paragraph 3 of the Complaint.

4. Renfrow denies the allegations in paragraph 4 of the Complaint.

5. Renfrow denies the allegations in paragraph 5 of the Complaint.

6. Renfrow denies the allegations in paragraph 6 of the Complaint.

7. Renfrow denies the allegations in paragraph 7 of the Complaint.

8. In response to the allegations in paragraph 8 of the Complaint, Renfrow admits that Plaintiff purports to seek damages available under the law, but it denies that Plaintiff is entitled to any relief whatsoever from Renfrow.

## II. THE PARTIES

**A. Plaintiff Jacob Halterman**

9. Renfrow is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 9 of the Complaint relating to Plaintiff's residency and, therefore, denies the same. The remainder of paragraph 9 consists of legal conclusions to which no response is required. Renfrow denies the remaining allegations to the extent they misstate the law in any way.

10. Renfrow admits the allegations in paragraph 10 of the Complaint.

11. Renfrow denies the allegations in paragraph 11 of the Complaint.

12. In response to the allegations in paragraph 12 of the Complaint, Renfrow admits that Plaintiff was paid $18.00 per hour during his employment.

13. The allegations in paragraph 13 of the Complaint refer to the contents of Exhibit A,

2

Case 5:25-cv-00100-D-BM    Document 8    Filed 04/24/25    Page 2 of 13

which speak for themselves and Renfrow denies all allegations that attempt to characterize or paraphrase that exhibit.

**B. Putative Class Members**

14. In response to the allegations in paragraph 14 of the Complaint, Renfrow admits that Plaintiff purports to bring this action individually and on behalf of all others similarly situated pursuant to 29 U.S.C. § 216(b) and that Plaintiff purports to propose a collective action under 29 U.S.C. § 216(b). Renfrow, however, denies that the putative collective is proper or that Plaintiff or any of the alleged Collective Action Members are entitled to any relief whatsoever. Renfrow denies the remaining allegations in paragraph 14.

15. Renfrow denies the allegations in paragraph 15 of the Complaint.

16. Renfrow denies the allegations in paragraph 16 of the Complaint.

17. In response to the allegation in paragraph 17 of the Complaint, Renfrow admits that Plaintiff purports to represent all others similarly situated in a collective action, but Renfrow denies that Plaintiff is the proper representative of the alleged Collective Action Members. Renfrow further denies that Plaintiff or any of the alleged Collective Action Members are entitled to any relief whatsoever. Renfrow denies the remaining allegations in paragraph 17.

**C. Defendant The Renfrow Group, LLC**

18. Renfrow admits the allegations in paragraph 18 of the Complaint.

19. The allegations in paragraph 19 of the Complaint consist of legal conclusions to which no response is required. Renfrow denies the allegations to the extent they misstate the law in any way.

20. The allegations in paragraph 20 of the Complaint state legal conclusions to which no response is required. Renfrow denies the allegations to the extent they misstate the law in any

way.

21. The allegations in paragraph 21 of the Complaint state legal conclusions to which no response is required. Renfrow denies the allegations to the extent they misstate the law in any way.

22. Renfrow admits the allegations in paragraph 22 of the Complaint.

### III. JURISDICTION AND VENUE

23. The allegations of paragraph 23 of the Complaint state legal conclusions to which no response is required. To the extent the allegations of paragraph 23 misstate or mischaracterize the law, or to the extent a response is required, these allegations are denied.

24. The allegations of paragraph 24 of the Complaint state legal conclusions to which no response is required. To the extent the allegations of paragraph 24 misstate or mischaracterize the law, or to the extent a response is required, these allegations are denied.

25. The allegations of paragraph 25 of the Complaint state legal conclusions to which no response is required. To the extent the allegations of paragraph 25 misstate or mischaracterize the law, or to the extent a response is required, these allegations are denied.

### IV. FACTUAL BACKGROUND
### (APPLICABLE TO ALL CLAIMS FOR RELIEF)

26. Upon information and belief, Renfrow admits the allegations in paragraph 26 of the Complaint.

27. Renfrow denies the allegations in paragraph 27 of the Complaint.

28. Renfrow denies the allegations in paragraph 28 of the Complaint.

29. Upon information and belief, Renfrow admits the allegations in paragraph 29 of the Complaint.

30. In response to the allegations in paragraph 30 of the Complaint, Renfrow admits

that Renfrow paid Plaintiff and all other employees the applicable minimum wage as well as overtime premiums, when earned. Renfrow denies the remaining allegations in paragraph 30 of the Complaint.

31. Renfrow denies the allegations in paragraph 31 of the Complaint.

32. Renfrow denies the allegations in paragraph 32 of the Complaint.

33. Renfrow denies the allegations in paragraph 33 of the Complaint.

34. Renfrow denies the allegations in paragraph 34 of the Complaint.

35. Renfrow denies the allegations in paragraph 35 of the Complaint.

36. Renfrow denies the allegations in paragraph 36 of the Complaint.

37. Renfrow denies the allegations in paragraph 37 of the Complaint.

38. Renfrow denies the allegations in paragraph 38 of the Complaint.

39. Renfrow denies the allegations in paragraph 39 of the Complaint.

40. Renfrow denies the allegations in paragraph 40 of the Complaint.

41. Renfrow denies the allegations in paragraph 41 of the Complaint.

42. Renfrow denies the allegations in paragraph 42 of the Complaint.

### V. FLSA CLAIMS FOR OVERTIME PAY

43. Renfrow incorporates and restates its responses to paragraphs 1-42 of the Complaint as if fully set forth herein.

**D. FLSA Coverage**

44. The allegations in paragraph 44 of the Complaint state conclusions of law, to which no response is required. Renfrow denies the allegations to the extent they misstate the law in any way.

45. The allegations in paragraph 45 of the Complaint state conclusions of law, to which

no response is required. Renfrow denies the allegations to the extent they misstate the law in any way.

46. The allegations in paragraph 46 of the Complaint state conclusions of law, to which no response is required. Renfrow denies the allegations to the extent they misstate the law in any way.

47. The allegations in paragraph 47 of the Complaint state conclusions of law, to which no response is required. Renfrow denies the allegations to the extent they misstate the law in any way.

48. Renfrow admits the allegations in paragraph 48 of the Complaint.

**E. FLSA Allegations**

49. The allegations in paragraph 49 of the Complaint state conclusions of law, to which no response is required. Renfrow denies the allegations to the extent they misstate the law in any way.

50. Renfrow admits that Plaintiff was an employee of Renfrow pursuant to the FLSA. Renfrow denies the remaining allegations in paragraph 50 of the Complaint.

51. Renfrow admits the allegations in paragraph 51 of the Complaint.

52. Renfrow denies the allegations in paragraph 52 of the Complaint.

53. Renfrow denies the allegations in paragraph 53 of the Complaint.

54. The allegations in paragraph 54 of the Complaint referring to the FLSA's recordkeeping requirements state conclusions of law, to which no response is required. Renfrow denies the allegations to the extent they misstate the law in any way. Renfrow denies the remaining allegations in paragraph 54.

### F. Collective Action Allegations

55. In response to the allegations in paragraph 55 of the Complaint, Renfrow admits that Plaintiff purports to bring this action individually and on behalf of all others similarly situated for alleged violations of the FLSA, but Renfrow denies that the collective as proposed is proper or that Plaintiff is the proper representative of any purported collective. Renfrow denies the remaining allegations in paragraph 55.

56. Renfrow denies the allegations in paragraph 56 of the Complaint.

57. Renfrow denies the allegations in paragraph 57 of the Complaint.

58. Renfrow is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 58 of the Complaint and therefore denies the same.

59. Renfrow denies the allegations in paragraph 59 of the Complaint.

60. Renfrow denies the allegations in paragraph 60 of the Complaint.

61. Renfrow denies the allegations in paragraph 61 of the Complaint.

62. In response to the allegations in paragraph 62 of the Complaint, Renfrow admits that Plaintiff purports to propose a collective action but denies that the collective as proposed is proper. Renfrow denies the remaining allegations in paragraph 62.

### G. Class Action Allegations

63. Renfrow admits that Plaintiff purports to bring an action under N.C. Gen. Stat. §§ 92-25.6, 95-25.7, 95-25.22, and 95.25.22(a1) ("NCWHA") but denies Plaintiff is entitled to any relief requested or any other relief whatsoever under these statutes.

64. Renfrow admits that Plaintiff purports to bring an action under NCWHA but denies Plaintiff is entitled to any relief requested or any other relief whatsoever under these statutes. Renfrow denies the remaining allegations in paragraph 64 of the Complaint.

65. Renfrow denies the allegations in paragraph 65 of the Complaint.

66. Renfrow denies the allegations in paragraph 66 of the Complaint.

67. Renfrow denies the allegations in paragraph 67 of the Complaint.

68. Renfrow denies the allegations in paragraph 68 of the Complaint.

69. Renfrow denies the allegations in paragraph 69 of the Complaint.

70. Renfrow denies the allegations in paragraph 70 of the Complaint.

71. Renfrow denies the allegations in paragraph 71 of the Complaint.

## VI. CAUSES OF ACTION

### 1. First Claim for Relief – Violation of the FLSA

72. Renfrow incorporates and restates its responses to paragraphs 1-71 of the Complaint as if fully set forth herein.

73. Renfrow denies the allegations in paragraph 73 of the Complaint.

74. The allegations in paragraph 74 of the Complaint state conclusions of law, to which no response is required. Renfrow denies the allegations to the extent they misstate the law in any way.

75. The allegations in paragraph 75 of the Complaint state conclusions of law, to which no response is required. Renfrow denies the allegations to the extent they misstate the law in any way.

76. Renfrow denies the allegations in paragraph 76 of the Complaint.

77. Renfrow denies the allegations in paragraph 77 of the Complaint.

78. In response to the allegations in paragraph 78 of the Complaint, Renfrow admits that Plaintiff purports to seek damages under the FLSA but denies that Plaintiff is entitled to any damages or any other relief under the FLSA. Renfrow denies the remaining allegations in

8

Case 5:25-cv-00100-D-BM    Document 8    Filed 04/24/25    Page 8 of 13

paragraph 78.

## 2. Second Claim for Relief – Violation of North Carolina Wage and Hour Act

79. Renfrow incorporates and restates its responses to paragraphs 1-79 of the Complaint as if fully set forth herein.

80. Renfrow denies the allegations in paragraph 80 of the Complaint.

81. Renfrow denies the allegations in paragraph 81 of the Complaint.

82. Renfrow denies the allegations in paragraph 82 of the Complaint.

83. Renfrow denies the allegations in paragraph 83 of the Complaint.

## VII. JURY DEMAND

84. In response to the allegations on paragraph 84 of the Complaint, Renfrow admits that Plaintiff purports to demand a jury trial on behalf of himself and putative class members but denies that Renfrow committed any violations of law and denies that Plaintiff and/or any putative class members are entitled to the relief sought or to any relief from Renfrow whatsoever.

## VIII. DAMAGES AND PRAYER

85. Regarding "Damages and Prayer" paragraph, including subparts a - m, Renfrow states that such paragraph contains a prayer for relief to which no responses are required. To the extent responses are required, Renfrow denies that Plaintiff is entitled to the relief requested or to any relief whatsoever in this action and denies that any putative class members are entitled to the relief sought or any relief in this action whatsoever. Renfrow further denies that Plaintiff and/or the putative class members were injured in any way or that Renfrow engaged in any wrongdoing whatsoever.

86. Renfrow denies, generally and specifically, each and every allegation in the Complaint not specifically admitted in the above paragraphs.

87. Renfrow denies any and all allegations contained in the headings or unnumbered paragraphs of the Complaint.

88. Renfrow further states that its investigation into the present matter is ongoing. Accordingly, Renfrow reserves the right to amend its Answer.

In further response, Renfrow asserts that it may rely on the following defenses and affirmative defenses, and reserves the right to supplement these defenses as discovery progresses in this case:

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted for claims arising under the FLSA, the NCWHA, or any other theory. Plaintiff's claims fail to the extent that the Complaint fails to set forth facts sufficient to state a claim upon which relief may be granted against Renfrow and fails to state facts sufficient to entitle Plaintiff to the relief sought.

## SECOND AFFIRMATIVE DEFENSE

At all relevant times, Renfrow acted in accordance with a good faith belief that its actions complied with the FLSA and North Carolina law.

## THIRD AFFIRMATIVE DEFENSE

Renfrow never willfully or knowingly violated any statute, law, or regulation at issue in this case, including the FLSA, and thus, Plaintiff is not entitled to statutory penalties or any other damages that are punitive in nature with regard to any of their claims, and a two-year statute of limitations must be applied with respect to the claims brought under the FLSA.

## FOURTH AFFIRMATIVE DEFENSE

At all relevant times, Renfrow acted in accordance with a good faith belief that its actions complied with or were exempted from application of all North Carolina laws alleged in the

Complaint to have been violated, and therefore Plaintiff fails to state a claim for liquidated damages or other statutory penalties under those statutes.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff and the individuals that Plaintiff purports to represent fail to satisfy the requirements for maintenance of a collective action under 29 U.S.C. § 216(b), because Plaintiff has failed to adequately define the putative collective in the Complaint.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff and the individuals that Plaintiff purports to represent fail to satisfy the requirements for maintenance of a collective action under 29 U.S.C. § 216(b), because Plaintiff and/or the individuals Plaintiff purports to represent were paid properly under the FLSA and NCWHA and thus are not appropriate representatives of any purported collective.

## SEVENTH AFFIRMATIVE DEFENSE

Renfrow's actions were in good faith conformity with and/or reliance on administrative regulation, order, ruling, approval, interpretation, opinion letter, or practice of the United States Department of Labor.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs claims are barred by waiver and release.

Renfrow hereby reserves the right to amend its answer and assert any additional defenses as investigation in this matter continues.

WHEREFORE, Defendant, The Renfrow Group, LLC, having fully answered, hereby request that the Complaint be dismissed and that the Court award such other relief that it deems necessary and just.

    Respectfully submitted,
    THE RENFROW GROUP, LLC

By: */s/ Matthew T. Anderson*
    Matthew T. Anderson (admitted *pro hac vice*)
    Virginia State Bar No. 86322
    Counsel for Defendant
    WILLIAMS MULLEN
    200 South 10th Street, Suite 1600
    Richmond, Virginia 23219
    Telephone: (804) 420-6289
    Facsimile: (804) 420-6507
    manderson@williamsmullen.com

Camden R. Webb
North Carolina Bar No. 22374
Counsel for Defendant
WILLIAMS MULLEN
301 Fayetteville Street, Suite 1700
Raleigh, North Carolina 27601
Telephone: (919) 981-4021
Facsimile: (919) 981-4300
crwebb@williamsmullen.com

# CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of April 2025, I electronically filed the foregoing Answer to Complaint using the Court's CM/ECF system, which will serve a Notice of Electronic Filing (NEF) on the following:

> Jacob J. Modla
> **CROMER BABB & PORTER, LLC**
> 1418 Laurel Street, Suite A
> Post Office Box 11675
> Columbia, South Carolina 29211
> jake@cromerbabb.com
>
> Colby Qualls
> **FORESTER HAYNIE PLLC**
> 10800 Financial Centre Pkwy, Suite 510
> Little Rock, Arkansas 72211
> cqualls@foresterhaynie.com

> By: */s/ Matthew T. Anderson*
> Matthew T. Anderson (admitted *pro hac vice*)
> Virginia State Bar No. 86322
> Counsel for Defendant
> WILLIAMS MULLEN
> 200 South 10th Street, Suite 1600
> Richmond, Virginia 23219
> Telephone: (804) 420-6289
> Facsimile: (804) 420-6507
> manderson@williamsmullen.com